Filing # 106113440 E-Filed 04/10/2020 12:38:01 PM

IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

YAZAN ABDULKARIM, Individually,

    Plaintiff,

v.                                                                                      CASE NO.:

LUTHERAN NON-PROFIT MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YAZAN ABDULKARIM (hereinafter "Plaintiff"), brings this action and complaint for damages and demands a jury trial against Defendant, LUTHERAN NON-PROFIT MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company (hereinafter referred to as "Defendant"), and in support thereof, would show the Court the following:

1. Plaintiff, Yazan Abdulkarim is a person of Arabian race and Iraqi national origin, who brings this claim for race, and national origin discrimination against his former employer, Lutheran Non-Profit Management Services, LLC, who discriminated against, harassed, and made Plaintiff endure a hostile work environment because of his race and national origin in violation of Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FRCA"), Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et. seq. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2. The Court has original jurisdiction over Plaintiff's Title VII and Section 1981 claims pursuant to 28 U.S.C. § 1331 because the claims arise under 41 U.S.C. § 2000e et. seq. and 42 U.S.C. § 1981. The Court has supplemental jurisdiction over Plaintiff's FRCA claim pursuant to 28 U.S.C. § 1367 as this claim is so related to Plaintiff's Title VII and Section 1981 claims that they form part of the same case or controversy.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to the claim occurred within Hillsborough County, Florida. Defendant conducts substantial and a non-isolated business within Hillsborough County, Florida, Defendant has agents and employees in Hillsborough County, Florida, and Defendant's business is located in Hillsborough County, Florida.

## PARTIES

4. Plaintiff, Yazan Abdulkarim, is a resident of the state of Florida and resides in the Hillsborough County, Florida. Plaintiff is an Arabian person of color and Iraqi national who was formerly employed by and worked for Defendant located in Hillsborough County, Florida. Plaintiff is protected by FCRA, Title VII, and Section 1981 because:

    a. he was an employee of Arabian race;

    b. he is of Iraqi national origin;

    c. he has the physical, cultural, or linguistic characteristics of Middle Eastern countries generally known as the Arab World; and

    d. he suffered discrimination and harassment because of his race, and national origin;

    e. he engaged in protected activity, for example, he objected to Defendant's unlawful behavior, discriminatory compensation decisions, adverse employment; and

  f. Defendant failed to rectify discrimination, hostile work environment, and adverse employment actions.

5. At all times material hereto and currently, Defendant carried out substantial and not isolated business activities and had employees and agents in Hillsborough County, Florida.

6. Defendant employs more than 1,300 employees and is at all material times, Defendant employs the statutory minimum necessary.

## CONDITIONS PRECEDENT

7. On March 15, 2018, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination by the Defendant based on national origin under the FCRA and Title VII.

8. On January 30, 2020, the EECO issued Plaintiff a Notice of Dismissal and Right to Sue Letter against the Defendant in this matter. A copy of the Right to Sue Letter is attached as Exhibit "A". Plaintiff filed his initial complaint within 90 days of the EEOC's Right to Sue Letter.

9. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL BACKGROUND

10. Plaintiff is a person of Arabian race and Iraqi national origin and was formerly employed by Defendant.

11. Plaintiff was employed by Defendant Lutheran Non-Profit Management Services, LLC.

12. Plaintiff was, at all times material, qualified for his position as a Employment Specialist employed by Defendant.

13. During his employment by Defendant, Plaintiff was treated differently and worse than non-persons of Arabian race and Iraqi national origin.

14. Plaintiff served clients of multiple nationalities, including but not limited to: Afghanis, Colombians, Cubans, Congolese, Egyptians, Ethiopians, Eritreans, Haitians, Iraqis, Burmese's, Somalis, Syrians, and Venezuelans.

15. Plaintiff's primary duty was to locate employment for his clients.

16. At the time, majority of Defendant's clients were Cubans who spoke Spanish exclusively.

17. Since Spanish is the second most spoken language, Spanish-speakers were able to locate employment faster than non-Spanish speakers.

18. Plaintiff and his fellow co-workers did not speak all the languages of the individuals that Plaintiff and his fellow co-workers served.

19. Plaintiff and his fellow co-workers utilized the phone interpretation system while talking to clients when language interpretation was needed as mandated by Defendant.

20. Plaintiff and his fellow co-workers experienced no difficulty with placing their Cuban clients with employment, and Plaintiff placements were successful.

21. Plaintiff and his fellow co-workers had a goal to achieve a certain number of placements monthly. These monthly goals were regularly reviewed by their supervisors.

22. During the years that Plaintiff was employed by Defendant, his monthly goals were achieved.

23. At the end of each year during Plaintiff's employment, Plaintiff would receive a performance evaluation of "good," by Plaintiff's supervisors.

24. Plaintiff was rewarded a plaque of appreciation for five years of continuous of devoted service, evidence of Plaintiff's satisfactory work.

25. Plaintiff was the second senior employee, having worked at Defendant for about seven years and five months.

26. There were three open positions for Employment Specialists at Defendant's Employment Program following a reduction of labor which had the same duties and responsibilities as the Plaintiff. There were four Employment Specialists employed by Defendant prior to the reduction of labor. These positions were supposed to be filled based on seniority.

27. Defendant needed to eliminate one of the four Employment Specialists positions, and thus there were three remaining open positions.

28. Defendant conducted an interview for all the four Employment Specialists, including Plaintiff.

29. Plaintiff's first senior co-worker, Carlos Grellio was offered one of the opening positions, and intentionally disregarded Plaintiff. Mr. Grellio received the same position and salary as before.

30. Defendant interviewed Plaintiff second, because Plaintiff was the second senior. Plaintiff was offered a lower salary and a position in the Employment Program.

31. The third senior employee, Yusleydis Cruz was offered a lesser position and accepted it.

32. Lastly, Lupe Cuendias was not offered any position and was terminated.

33. The day that the employees were going to start their new position, another Employment Specialist resigned from the Employment Program, leaving a vacant position.

34. As a second senior, Plaintiff should have been offered the position of Employment Specialist, but Supervisor Maria Hernandez rejected the offer.

35. Instead the position of Employment Specialist was offered to a third senior employee even though Ms. Cruz only worked at Defendant for four years. The position was offered to Ms. Cruz because she spoke Spanish, which the Plaintiff does not.

36. Instead the Plaintiff was offered a filing room position, which was $3.50 less per hour than what the Plaintiff was currently being paid.

37. Defendant experienced a deficit which was used as a reason to move Plaintiff from one position to another position.

38. Plaintiff declined the inadequate filing room position and brought his concerns to the Defendant's Program Supervisor.

39. Defendant's Program Supervisor informed Plaintiff that the Employment Specialist position was not offered to Plaintiff because Plaintiff's co-worker spoke Spanish and he did not.

40. Defendant and Defendant's Program Supervisor intentionally disregarded that Plaintiff had performed his duties and responsibilities efficiently for the past seven years and five months and that his evaluations were superb. Illustrating that Plaintiff never had issues communicating with Spanish speaking individuals.

41. Plaintiff met with Defendant's State-Wide Director who is the Supervisor of Defendant's Employment Program Manager, but the State-Wide Director also informed Plaintiff that he was not offered one of the positions of Employment Specialist because Plaintiff did not speak Spanish, while Plaintiff's co-worker, Ms. Cruz did.

42. Ms. Cruz who was offered one of the three positions of Employment Specialist informed Plaintiff that she was surprised that Plaintiff was not offered the position that she received.

43. Plaintiff spoke to Defendant's employee(s) to inquire if he could be offered a position more conducive to his skill set and comparable to his rate of pay as the file room position was not. Defendant's employee(s) informed Plaintiff that his options were to accept the filing room position or be terminated.

44. Plaintiff was terminated, and never opted to resign his position.

45. Plaintiff has experienced loss of employment, emotional pain, suffering, and humiliation as a result of Defendant's employment discrimination.

46. Defendant, through the actions more specifically alleged above, affected Plaintiff in a "term, condition or privilege" of his employment as envisioned by § 703 of Title VII, 42 U.S.C. § 2000e-2 and § 760.10(a), Fla. Stat.

47. Defendant conduct was intentional, reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency.

48. The treatment to which Defendant subjected Plaintiff to was based on his:

   a. being a person of Arabian race,

   b. being a person of Iraqi national origin; and/or

   c. engaging in protected activity, particularly, complaining to his supervisors about the harassment he endured in the workplace based on his race.

49. Upon information and belief, Defendant and its agents have engaged in a pattern and practice of harassing employees who are not Spanish speaking under the pretense that non-Spanish speaking individuals will not report the harassment for fear of adverse consequences.

## COUNT I: AGAINST DEFENDANT FOR HARASSMENT/DISCRIMINATION UNDER TITLE VII

50. Plaintiff re-alleges and adopts the allegations contained in paragraphs 1-49 as if fully set forth in this Court.

51. The acts of the Defendant, by and through its agents and employees, violated Plaintiff's race under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

52. The discrimination/harassment to which Plaintiff was subjected to was based on his race and national origin.

53. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. §2000e-5(k).

56. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

**WHEREFORE**, Plaintiff prays that this Court will:

A. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was in violation of Plaintiff's rights under Title VII;

B. Enjoin Defendant and its agents from continuing to violate Plaintiff's rights under Title VII, and requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of back pay and front pay;

C. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

D. Plaintiff seeks damages of $30,000.

E. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

F.   Provide any additional relief that this Court deems just.

## COUNT II: AGAINST DEFENDANT FOR HARASSMENT/DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

57. Plaintiff re-alleges and adopts the allegations contained in paragraphs 1-49 as if fully set forth in this Court.

58. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race and national origin, and/or harassment under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

59. The discrimination/harassment to which Plaintiff was subjected to was based on his race and national origin.

60. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter them, and others, from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT II

**WHEREFORE**, Plaintiff prays that this Court will:

4/10/2020 12:38 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 10

A. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

B. Enjoin Defendant and its agents from continuing to violate Plaintiff's rights under the FCRA, and requiring that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of back pay and front pay;

C. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

D. Plaintiff seeks damages of $30,000.

E. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

F. Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for any and all triable issues regarding this case.

Respectfully submitted by:

/s/ Taj Murphy
Taj Murphy, Esq.
Florida Bar No. 100054
Email: tmurphy@cair.com
Thania Diaz Clevenger
Florida Bar No. 0097301
Email: tclevenger@cair.com
CAIR Florida
8076 N 56th St.
Tampa, Florida 33617
Telephone: (813) 514-1414
Facsimile: (954) 272-0491
Attorneys for Plaintiff